Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000699
31-OCT-2017
09:12 AM

NO. CAAP-15-0000699

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WP, Plaintiff-Appellant/Cross-Appellee,

v.

MS, Defendant-Appellee/Cross-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 11-1-7253)

MEMORANDUM OPINION
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Plaintiff-Appellant/Cross-Appellee W.P. (**Father**) appeals from an "Order Re: Decision" entered on April 17, 2015, and an "Order Denying Motion for Entry of Final Judgment and Motion and Amended Motion for Attorneys Fees and Costs" (**Fees/Costs Order**) entered on August 31, 2015, in the Family Court of the First Circuit (**family court**).[1]

In an order issued on March 22, 2012, the family court determined that it had temporary emergency jurisdiction under Hawaii Revised Statutes (**HRS**) § 583A-204 (2006).[2] In a Decree Granting Absolute Divorce and Awarding Child Custody (**Divorce Decree**) issued on February 4, 2013, the family court dissolved

---

[1] The Honorable Paul T. Murakami presided with respect to the "Order Re: Decision." The Honorable Dyan M. Medeiros presided over the Fees/Costs Order.

[2] The Honorable Paul T. Murakami issued the March 22, 2012 order.

the marriage of Father and Defendant-Appellee/Cross-Appellant M.S. (**Mother**), awarded sole physical custody of the parties' child (**minor child**) to Mother and joint legal custody to both Mother and Father.[3] The following year, on April 4, 2014, the family court granted Father's post-decree motion seeking to change physical custody of minor child to Father.[4] Around this same time period, Mother initiated proceedings in Canada and obtained rulings from a Canadian court that conflicted with the Hawai'i court's custody ruling. At Mother's request, a conference was held between the Hawai'i family court and the Canadian court pursuant to the Uniform Child-Custody Jurisdiction and Enforcement Act (**UCCJEA**), and in the April 17, 2015 "Order re: Decision," the Hawai'i family court set aside its prior custody orders and determined that the Canadian court's orders were the valid custodial orders.

On appeal, Father contends that the family court erred in setting aside its prior custody orders, ordering that minor child be turned over to Mother, and ruling that the Canadian custody orders were valid. Father asserts that the family court's prior orders correctly determined that the Hawai'i family court had UCCJEA jurisdiction, requirements were not met to end the Hawai'i family court's jurisdiction, and Mother was allowed to circumvent prior final orders that she did not appeal.

On cross-appeal, Mother contends that the family court erred in denying her request for attorney's fees and costs because it incorrectly: (1) determined that her UCCJEA motion was not an action seeking enforcement of another state's custody determination; (2) determined that her attorney's fees motion was not interrelated with the Hague Convention; and (3) determined that Father had a good faith basis to rely on the Hawai'i family

---

[3] The Honorable Na'unanikina'u A. Kamali'i presided in issuing the Divorce Decree.

[4] The Honorable Kevin A. Souza presided regarding the April 4, 2014 order.

court's April 4, 2014 order and that he had no reason to believe that the April 4, 2014 order and all prior custodial orders by the Hawai'i family court would be set aside.

For the reasons discussed below, we affirm the family court's rulings as to both the jurisdictional issue and the denial of Mother's request for attorney's fees and costs.

## I. Background

In his appeal regarding the family court's setting aside of its prior custody orders and ruling that the Canadian court's custody orders are valid, Father does not challenge any of the family court's findings of fact (**FOF**) set forth in the Findings of Fact and Conclusions of Law entered on November 23, 2015 (**Jurisdiction FOF/COL**).[5] Therefore, the findings in the Jurisdiction FOF/COL are binding on this court. Bremer v. Weeks, 104 Hawai'i 43, 63, 85 P.3d 150, 170 (2004) ("[F]indings of fact that are not challenged on appeal are binding on the appellate court.") (citations and ellipses omitted).

Mother and Father previously lived in Hawai'i. Minor child was born in Hawai'i in July 2010, and the parties subsequently moved to Winnipeg, Canada in September 2010. In August 2011, the parties returned to Hawaii for a short vacation. During the trip, on August 18, 2011, Father filed a Complaint for Divorce in the family court. Mother contested the family court's jurisdiction, but, as noted above, the family court determined that it had temporary emergency jurisdiction under HRS § 583A-204. The family court recognized that it was not the home state of minor child, but because the only existing action was in Hawai'i and there was the possibility of international travel with the minor child, the family court took temporary emergency custody jurisdiction. As a result of a hearing on September 19, 2011, Mother was awarded temporary sole physical custody of minor child and lawfully returned to Winnipeg with minor child.

---

[5] The Jurisdiction FOF/COL was issued by the Honorable Paul T. Murakami.

On February 4, 2013, the family court issued the Divorce Decree awarding Mother sole physical custody of minor child and both parties joint legal custody. Father subsequently filed a post-decree motion seeking physical custody of minor child. On March 12, 2014, the family court orally ordered that physical custody of minor child be changed to Father.

On April 4, 2014, Mother filed an application in a Winnipeg, Canada court seeking primary care and control of minor child. Later that same day, the Hawai'i family court entered a written order granting Father's post-decree motion for physical custody of minor child. On April 11, 2014, the Canadian court issued an order granting Mother interim custody of minor child and ordered that minor child remain in the jurisdiction of Winnipeg, Manitoba pending the determination of the appropriate jurisdiction to address minor child's permanent custody. Father was represented and appeared in the Canadian court. After a case conference on April 16, 2014, Father stipulated to an order allowing him periods of care for minor child in Winnipeg. In seeking to have the Canadian court approve the stipulation, Father admitted that minor child had lived in Hawai'i 5 of the 39 months of his life. On May 5, 2014, the Canadian court issued the stipulated visitation order. On or about May 5, 2014, Father took minor child across the border to Chicago and onto a plane to Hawai'i.

On May 29, 2014, the Canadian court determined that minor child had a real and substantial connection to Manitoba, Canada, and that minor child did not have a real and substantial connection to Hawai'i. On June 3, 2014, the Canadian court ordered Father to return minor child to Winnipeg forthwith. Father apparently sought to appeal in Canada, but his appeal was later dismissed.

In September 2014, Mother brought an action in the U.S. District Court for the District of Hawai'i seeking the return of minor child. This action was later dismissed by agreement of the parties.

On January 13, 2015, Mother filed in Hawaiʻi family court a "Motion for UCCJEA Conference and To Set Aside Divorce Decree Custodial Provisions & Post Decree Custodial Orders" (**1/13/15 UCCJEA Motion**). On April 16 and 17, 2015, a hearing was held on Mother's 1/13/15 UCCJEA Motion. On the second day of the hearing, April 17, 2015, a conference was held between the Hawaiʻi family court and the Court of the Queen's Bench (Family Division), Winnipeg, Manitoba, Canada. The Canadian court requested enforcement of its orders and the Hawaiʻi family court ruled that the Canadian custodial orders were valid and would be enforced. As a result, the "Order Re: Decision" was entered on April 17, 2015.

On July 13, 2015, Mother filed a motion for attorney's fees and costs. On August 12, 2015, Mother filed an amended motion for fees and costs. On August 31, 2015, the family court issued an order denying attorney's fees and costs to Mother.

## II. Father's Appeal

Father contends the family court properly exercised exclusive and continuing UCCJEA jurisdiction over minor child and the UCCJEA statutory requirements were not established for the Hawaiʻi family court to decide it no longer had jurisdiction. The family court initially exercised temporary emergency jurisdiction under HRS § 583A-204 and Father argues that the family court subsequently had exclusive and continuing jurisdiction under HRS § 583A-202 (2006) because HRS § 583A-204 was "supplanted by its later multiple decisions[.]" With that presumption, Father contends that the exclusive and continuing jurisdiction would have ended only if HRS § 583A-202(a)(1) or (a)(2) was satisfied.

Mother asserts that the Hawaiʻi family court attained temporary emergency jurisdiction under HRS § 583A-204 and such jurisdiction did not "ripen" or become exclusive and continuing jurisdiction. Thus, Mother maintains that the family court did not err in determining that the family court no longer had jurisdiction when the Canadian court exercised its jurisdiction,

5

and thus the Hawaiʻi family court properly set aside its prior custody orders.

"The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard.  Questions regarding subject matter jurisdiction may be raised at any stage of a cause of action."  Lingle v. Hawaiʻi Gov't Emps. Ass'n, AFSCME, Local 152 AFL-CIO, 107 Hawaiʻi 178, 182, 111 P.3d 587, 591 (2005) (citation omitted).  "[I]t is well-settled that subject-matter jurisdiction cannot be conferred upon a court by agreement, stipulation, or consent of the parties[.]" Cvitanovich-Dubie v. Dubie, 125 Hawaiʻi 128, 141, 254 P.3d 439, 452 (2011) (citation omitted).  Further, "[t]he lack of jurisdiction over the subject matter cannot be waived by the parties."  Id. (citation omitted).

To determine jurisdiction in interstate[6] child custody proceedings, we look to the UCCJEA, enacted by the Hawaiʻi Legislature in 2002 as HRS Chapter 583A.  A Hawaiʻi court has temporary emergency jurisdiction under HRS § 583A-204 "if the child is present in this State and the child has·been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse."  Otherwise, a Hawaiʻi court properly asserts jurisdiction and makes an initial child custody determination under HRS § 583A-201 (2006), and that court retains "exclusive, continuing jurisdiction over the determination" under HRS § 583A-202.  Beam v. Beam, 126 Hawaiʻi 58, 61, 266 P.3d 466, 469 (App. 2011).

When Father filed his complaint for divorce in Hawaiʻi, Father, Mother, and minor child had not been present in Hawaiʻi for six (6) months before the commencement of the proceeding.  In this regard, the family court did not have initial child custody jurisdiction under HRS § 583A-201, which provides:

---

[6]  Under the UCCJEA, "[a] court of this State shall treat a foreign country as if it were a state of the United States for the purpose of applying parts I and II." HRS § 583A-105 (2006).

6

[§583A-201] Initial child-custody jurisdiction. (a) Except as otherwise provided in section 583A-204, a court of this State has jurisdiction to make an initial child-custody determination only if:

(1) This State is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this State but a parent or person acting as a parent continues to live in this State;

(2) A court of another state does not have jurisdiction under paragraph (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this State is the more appropriate forum under section 583A-207 or 583A-208, and:

(A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this State other than mere physical presence; and

(B) Substantial evidence is available in this State concerning the child's care, protection, training, and personal relationships;

(3) All courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this State is the more appropriate forum to determine the custody of the child under section 583A-207 or 583A-208; or

(4) No court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3).

(b) Subsection (a) shall be the exclusive jurisdictional basis for making a child-custody determination by a court of this State.

(c) Physical presence of, or personal jurisdiction over, a party or a child shall not be necessary or sufficient to make a child-custody determination.

Home state means the "state in which a child lived with a parent or a person acting as a parent for a period of at least six consecutive months immediately before the commencement of a child-custody proceeding." HRS § 583A-102 (2006). As explained in section 2 of the Comment to UCCJEA § 202, "[j]urisdiction attaches at the commencement of a proceeding." Beam, 126 Hawai'i at 61, 266 P.3d at 469. Thus, the family court in Hawai'i did not have jurisdiction to make an initial child custody determination under HRS § 583A-201 because minor child, Mother, and Father were not present in Hawai'i for at least six consecutive months before the commencement of the proceeding.

Because there were no other known filings in another state of the United States, or foreign country such as Canada, the family court in Hawai'i invoked temporary emergency jurisdiction under HRS § 583A-204 to issue its custody orders.

HRS § 583A-204 provides in relevant part:

> **[§583A-204] Temporary emergency jurisdiction.** (a) A court of this State has temporary emergency jurisdiction if the child is present in this State and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.
>
> (b) If there is no previous child-custody determination that is entitled to be enforced under this chapter and a child-custody proceeding has not been commenced in a court of a state having jurisdiction under sections 583A-201 to 583A-203, a child-custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under sections 583A-201 to 583A-203. If a child-custody proceeding has not been or is not commenced in a court of a state having jurisdiction under sections 583A-201 to 583A-203, a child-custody determination made under this section becomes a final determination, if it so provides, and this State becomes the home state of the child.

(Emphasis added.) Neither party contends in this appeal that the family court erred in exercising temporary emergency jurisdiction, and, as Father points out, prior custody orders issued based on such jurisdiction were not ultimately challenged on appeal.[7]

Under HRS § 583A-204(b), the family court's temporary emergency custody orders "remain[ed] in effect until an order is obtained from a court of a state having jurisdiction under sections 583A-201 to 583A-203." Temporary emergency jurisdiction under the UCCJEA is temporary and limited and does not include the authority to make permanent custody determinations. In re NC, 294 P.3d 866, 876 (Wyo. 2013) (citations omitted). Moreover,

---

[7] On May 22, 2014, Mother filed a Notice of Appeal seeking review of: the Hawai'i family court's April 4, 2014 order granting Father's post-decree motion for physical custody of minor child; and an order issued on April 28, 2014, denying Mother's motion for reconsideration of the April 4, 2014 order. However, on August 5, 2014, this court dismissed Mother's appeal for lack of appellate jurisdiction. The only other related appeal in Hawai'i is the instant appeal.

as set forth in the statute, child custody determinations made under HRS § 583A-204 become final only "if it so provides, and this State becomes the home state of the child."

In April 2014, the Canadian court issued interim custodial orders. In May 2014, the Canadian court determined that as of April 14, 2014, minor child had a real and substantial connection with Canada. On June 3, 2014, the Canadian court ordered Father to return minor child to Winnipeg forthwith. Subsequently, after Mother filed her 1/13/15 UCCJEA Motion, the Hawai'i family court and the Canadian court held a teleconference in April 2015, and the Hawai'i family court set aside its prior custody orders consistent with the UCCJEA that "a child-custody determination made under [HRS § 583A-204] remains in effect until an order is obtained from a court of a state having jurisdiction under sections 583A-201 to 583A-203." HRS § 583A-204 (emphasis added).

We do not agree with the family court's determination that the orders issued by the Canadian court were the "only validly issued custodial orders regarding [minor child], as Canada is considered the 'home state' under HRS § 583A-102." Rather, at minimum, when minor child was present in Hawai'i prior to issuance of the orders from the Canadian court, the Hawai'i family court properly exercised temporary emergency jurisdiction. However, because we agree that the Canadian court had jurisdiction under HRS § 583A-201 as the minor child's "home state," once the Canadian court's orders were issued, any validly entered custody orders by the Hawai'i family court no longer remained in effect.

In sum, the Hawai'i family court did not err in setting aside its prior custody orders because under HRS § 583A-204(b), any valid Hawai'i court orders only remained in effect until the Canadian court, with "home state" jurisdiction over minor child, issued its custody orders.

## III. Mother's Cross-Appeal

Mother contends that the family court erred in determining that her 1/13/15 UCCJEA Motion was not an action seeking enforcement of a custody determination and thus the family court erred in denying her request for an award of attorney's fees and costs under HRS § 583A-312 (2006).

HRS § 583A-312[8] is set forth in Part III of Chapter 583A, which is entitled "Enforcement." HRS § 583A-303(a) (2006) provides that Hawai'i courts "shall recognize and enforce a child-custody determination of a court of another state if the latter court exercised jurisdiction in substantial conformity with this chapter[.]" Thus, the UCCJEA enforcement provisions direct a court to recognize and enforce an existing custody determination properly entered by a court of another state.

HRS § 583A-312 provides the family court with discretion in awarding the prevailing party attorney's fees and costs under Part III of the UCCJEA as it relates to enforcement. Thus, we apply an abuse of discretion standard in reviewing Mother's cross-appeal. See generally Doe v. Doe, 118 Hawai'i 268, 278, 188 P.3d 782, 792 (App. 2008).

In denying Mother's request for attorney's fees and costs, the family court noted in its Findings of Fact and Conclusions of Law issued on November 23, 2015 (**Fees/Costs Findings and Conclusions**), at FOF 42, that Mother had sought fees and costs "in any manner related" to essentially all aspects of

---

[8] HRS § 583A-312 provides:

> **[§583A-312] Costs, fees, and expenses.** (a) The court may award the prevailing party, including a state, necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorney's fees, investigative fees, expenses for witnesses, travel expenses, and child care during the course of the proceedings, unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate.
> (b) The court may not assess fees, costs, or expenses against a state unless authorized by law other than this chapter.

the parties lengthy litigation beginning with the Complaint for Divorce.  Clearly, an award for such a broad request is not appropriate, so instead we focus on fees and costs related to Mother's 1/13/15 UCCJEA Motion, which sought to have the Hawai'i family court determine its jurisdiction given the Canadian court proceedings and orders.

In particular, Mother's 1/13/15 UCCJEA Motion asked the family court to determine that the family court did not have proper UCCJEA jurisdiction beyond temporary emergency jurisdiction under HRS § 583A-204 and requested that the family court set aside its prior custody orders and custody provisions of the divorce decree.  In this regard, the family court concluded, in its Conclusions of Law (**COL**) 19 and 20, that attorney's fees and costs still were not appropriate because:

> 19. With respect to Defendant's request for an award of attorneys' fees and costs related to her January 13, 2015 Motion for UCCJEA Conference, Defendant's Motion was not an action seeking enforcement of a foreign custody determination or the return of [minor child] to his "habitual residence."  Rather, it was an attack on the validity of the prior orders issued in the divorce case. Specifically, Defendant asked the Family Court to determine that it had never acquired anything other than temporary emergency jurisdiction and therefore it should set aside its prior custody orders.  Accordingly, HRS §583A-312 provides no basis for an award of attorneys' fees and costs.

> 20. Further, both parties were acting based on their respective beliefs regarding which Court (Canada or Hawai'i) had jurisdiction.  Plaintiff had a valid order from the Hawai'i divorce court awarding him custody of [minor child]. Prior to March 12, 2014, Defendant acquiesced to Hawai'i's exercise of child custody jurisdiction.  Plaintiff had a good faith basis to rely on the April 4, 2014 Order of this Court, and had no reason to believe that it (much less all prior orders) would be set aside.  It would be "clearly inappropriate" to punish Plaintiff or reward Defendant under these facts and circumstances.  Each party should be responsible for his or her own expenses related to Defendant's January 13, 2015 Motion for UCCJEA Conference.

We do not agree with the conclusion in COL 19 that "HRS §583A-312 provides no basis for an award of attorneys' fees and costs" because we believe that Mother's 1/13/15 UCCJEA Motion could be viewed as seeking enforcement of the Canadian court's custody orders.  However, for the reasons set forth in COL 20 and particularly Mother's acquiescence to the Hawai'i family court's prior custody orders, we hold that it was within the family

11

court's discretion to deny Mother's request for attorney's fees and costs related to her 1/13/15 UCCJEA Motion.

With respect to Mother's other assertions of error raised in her cross-appeal, we conclude that Mother fails to provide any discernable arguments as to why the family court allegedly erred in denying her requests for attorney's fees and costs. In re Guardianship of Carlsmith, 113 Hawaiʻi 236, 246, 151 P.3d 717, 727 (2007) (noting that this court may "disregard a particular contention if the appellant makes no discernible argument in support of that position") (citation, internal quotation marks, and brackets omitted).

**IV. Conclusion**

Based on the above, the "Order Re: Decision" filed on April 17, 2015, and the "Order Denying Motion for Entry of Final Judgment and Motion and Amended Motion for Attorneys Fees and Costs" filed on August 31, 2015, both entered in the Family Court of the First Circuit, are affirmed as set forth above.

DATED: Honolulu, Hawaiʻi, October 31, 2017.

On the briefs:
Rebecca A. Copeland,
for Plaintiff-Appellant/
Cross-Appellee.

Edward J.S.F. Smith,
for Defendant-Appellee/
Cross-Appellant.

Chief Judge

Associate Judge

Associate Judge

12